FILED

APR 30 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

GLEN LERNER, an Individual

Plaintiff,

v.

**HERE4YOU, LLC**,
a Texas limited liability company,
Jeff Davis, an individual,
and various JOHN DOES, JANE DOES,
and ABC COMPANIES,

Defendants.

Civil Action No.: _____

SA25CA0481FB

## VERIFIED COMPLAINT

### INJUNCTIVE RELIEF SOUGHT

Plaintiff **GLEN J. LERNER**, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants **Here4You, LLC** (hereinafter "Defendant" or "Here4You"), Jeff Davis, and various JOHN DOES, JANE DOES, and ABC COMPANIES (hereinafter collectively referred to as "Defendants") for Federal Trademark Infringement, Federal Unfair Competition, Federal False Advertising, Federal False Designation of Origin and False Description, Texas Unfair Competition, False Designation of Origin, False Description, and unjust

Page 1

enrichment, and alleges the following:

**JURISDICTION**

1.      This is a Complaint for Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin and False Description, Texas Unfair Competition, False Designation of Origin, and False Description.

2.      This Court has original jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a), 15 U.S.C. §1125, and the principles of pendent jurisdiction.

3.      The matter in controversy exceeds, exclusive of interest and costs, the sum of **ten million dollars ($10,000,000.00)**.

4.      Venue is proper in this judicial district, and in this division, pursuant to 28 U.S.C. §§1391 and 1400(a) in that Plaintiff's claim arises in this district and division.

**PARTIES**

5.      Plaintiff **GLEN J. LERNER** is an individual and licensed attorney with a national reputation and with his principal place of business at 1201 N. Town Center Drive, Las Vegas, Nevada 89144.

6.      Upon information and belief, Defendant **HERE4YOU, LLC**, is a Texas limited liability company having its principal place of business at 10500 Heritage Blvd., Suite 102, San Antonio, Texas 78216.

7.      Defendant Here4You, LLC, is a Texas limited liability company improperly transacting business in the State of Texas through, among other things, infringing acts.

8.      Upon information and belief, Defendant **HERE4YOU, LLC** has

committed the acts complained of herein in this District and division.

9.     Defendant Jeff Davis upon information and belief, is an individual, and is the conscious, active, and dominant force behind the illegal acts of the Defendants set forth herein and acted in concert with the other Defendants to cause the wrongs which are the subject of this action.

10.     Defendants, various JOHN DOES, JANE DOES, and ABC COMPANIES, upon information and belief, are individuals and/or business entities who, along with the other herein named Defendants, have engaged in the unauthorized and illegal acts complained of herein.   The identities of these unnamed Defendants and the details of their legal associations with the named Defendants herein presently are not and cannot be known to Plaintiff, in large part because they have concealed their identities from public disclosure.

## FACTUAL BACKGROUND

### Plaintiff's Success in the Industry

11.     Plaintiff **GLEN J. LERNER** is a highly successful and respected attorney with a national reputation in the practice of litigation, including but not limited to personal injury, wrongful death, product liability, professional malpractice and many related legal services.   Plaintiff is also one of the largest advertisers of legal services in the United States.

12.     Plaintiff's legal services are offered to the public by many and various means and modes in interstate commerce, and his daily advertising nationally reaches

clients and potential clients in every state throughout the United States, where Plaintiff possesses a strong commercial presence.

13.    For decades, Plaintiff has enjoyed remarkable success in demonstrating a unique brand identity within the legal profession and in related services. Plaintiff has accumulated valuable goodwill associated solely with Plaintiff's practice and this has resulted in an ever expanding and national presence, success, unsolicited publicity and great public acceptance growth, referrals from other attorneys, and the regular launching of new locations, including but not limited to, in the state of Texas and throughout the United States.

### Plaintiff's Trademarks

14.    Plaintiff's success, enviable reputation and approach to providing the public with high quality legal services have made him a leader, if not the leader, in his field.

15.    Plaintiff's success is in large part due to Plaintiff's diligence and hard work, and also due to Plaintiff's creation of, and significant financial investments in his portfolio of intellectual property, including trademarks, owned exclusively by Plaintiff, and which are in fact source identifiers, designations of origin and valuable brands and brand identity which distinguish Plaintiff from all others.

16.    Among many other trademarks owned by Plaintiff, Plaintiff is the owner of all right, title, and interest in his protected and proprietary trademarks and trademark registrations, which includes **ONE CALL, THAT'S ALL!**, U.S.

Trademark Registration No. 3541697, and **ONE CALL ... DOES IT ALL**, U.S. Trademark Registration No. 4384011, marks which have become <u>incontestable</u> under the U.S. Trademark Act, as well as various other marks all for Plaintiff's services in the field of legal services, personal injury and tort claims, legal counseling and providing information to others on legal services and providing legal services to others via the internet, among many other related services (hereinafter "Plaintiff's Marks").

17.    Plaintiff's Marks have been widely, prominently and continuously advertised and promoted to the public through many and various means and modes, including on the television and via the internet, including, on Plaintiff's websites such as at www.glenlerner.com, among other websites, as shown below:











No complaints for Glen Lerner Attorney - One Call, That's All

**Glen Lerner**

▶ Subscribe  370

4,823 views

➕ Add to    ↪ Share    ••• More    👍 7  👎 4

**Published on Aug 17, 2009**

Las Vegas Personal Injury Attorney Glen Lerner. Car Accident? One call, thats all. Glen Lerner the heavy hitter can handle all kinds of complaints from personal injury to defective drug to criminal. Glen Lerner Reviews from clients are excellent. To learn more about Glen Lerner go to one of the links below or to see







18.    Plaintiff's Marks are well known to the relevant consuming public, are fully valid, owned exclusively by Plaintiff, legally subsisting, and enforceable.

19.    Plaintiff's services have been widely advertised and extensively offered to the public under Plaintiff's Marks widely throughout the United States and in interstate commerce by Plaintiff since at least as early as 1998, which first use date is long before Defendants' infringing use, as is described herein.

20.    Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value as symbols of Plaintiff, his quality services and goodwill.

21.    Plaintiff has used Plaintiff's Marks to establish a strong connection between Plaintiffs' Marks and the services advertised under the same.

22.    Plaintiff enjoys considerable success and an enviable reputation in his profession due in large part to his use of, and rights in, Plaintiff's Marks.

23.    Plaintiff openly, prominently and conspicuously uses and promotes his services under Plaintiff's Marks to create and benefit from brand and professional identity and to distinguish his services from those offered by others.

24.    Plaintiff has made considerable expenditures to build his brand so successfully.   As a result of Plaintiff's many investments of time and money, Plaintiff's Marks have become synonymous with Plaintiff's high quality services, have become well known and the same have resulted in substantial goodwill.

25.    By reason of such advertising and promotion, the public has come to

recognize Plaintiff's services offered under Plaintiff's Marks as emanating from Plaintiff.

26.    Plaintiff's enviable reputation in its industry is also due to great investment and expenditure by Plaintiff to develop and protect high-quality legal services. As a result of Plaintiff's investment, Plaintiff's Marks have become synonymous with high-quality legal services.

27.    Plaintiff enforces his rights in Plaintiff's Marks in order to protect himself and the public from infringers and in order to preserve what Plaintiff has worked hard to build as a valuable brand and highly successful professional business model.

## The Illegal Acts of Defendants

28.    Defendant, Despite Plaintiff's prior use, ownership and registration of Plaintiff's Marks, is using, and offering to the public legal services, under the identical and/or confusingly similar trademarks, **ONE CALL DOES IT ALL** and **UNA LLAMADA SOLUCIONA TODO** (hereinafter "the Infringing Marks"), on a widespread basis, including but not limited to in connection with commercial advertising of legal services which is primarily intended to and does target the public, and in efforts to directly compete with Plaintiff, as is evidenced and set forth below:

All    Images    News    Videos    Short videos    Shopping    Forums    ⋮ More

 Instagram
https://www.instagram.com › davislawfirm    ⋮

**One call to Davis Law Firm will settle the score!**

At Davis Law Firm we get it, when you call the 4s you don't have to worry about insulting offers from insurance adjusters, property damage or car rental.

 Facebook · Davis Law Firm
1 reaction

**Davis Law Firm's post**

At Davis Law Firm we get it, when you call the 4s you don't have to ... ONE CALL SOLVES ALL! Here 4 you. 24/7. English & Spanish. No Fee Unless We ...

 YouTube · Davis Law Firm
533.4K+ views · 3 months ago    ⋮

**Davis law Firm: The 4s!**

 One Call Solves. All Whether you have been in a catastrophic car wreck or in a commercial vehicle accident with an 18-wheeler, there's only ...

 Instagram
https://www.instagram.com › davislawfirm    ⋮

**At Davis Law Firm we get it, when you call the 4s you don't have ...**

... call the 4s you don't have to worry about insulting offers from insurance adjusters, property damage or car rental. ONE CALL SOLVES ALL! Here 4 you.







29.    Despite Plaintiff's prior use, ownership and registration of Plaintiff's Marks, Defendant used and applied for registration of the confusingly similar marks **ONE CALL SOLVES ALL**, U.S. Trademark Serial No. 98055266 and **UNA LLAMADA SOLUCIONA TODO**, U.S. Trademark Serial No. 98055237(hereinafter the "Infringing Marks"), for "Attorney services; Legal

consultation services; Legal services; Legal services, namely, providing customized documentation, information, counseling, advice and consultation services in all areas of personal injury law; Providing customized legal information, counseling, and advice, and litigation services in the field of personal injury law".

30.    In connection with Defendant's filed trademark applications with the United States Patent and Trademark Office (hereinafter the "USPTO"), Defendant stated under oath as follows:

> *"To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.*

> *The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."*

31.    On or about March 19, 2024, the United States Patent and Trademark Office issued a formal written position on Defendant **Here4You's** unauthorized application to register the mark UNA LLAMADA SOLUCIONA TODO, U.S. Trademark Application Serial No. 98055237.   The United States government made the following findings on the Defendant's 98055237 application:

> a.    *"Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3541697, 4384011 . . . [Plaintiff's Registrations set forth in this action]."*

b.   *"applicant's [Defendant Here4You] mark UNA LLAMADA SOLUCIONA TODO, is also confusingly similar to the registered marks ONE CALL, THAT'S ALL and ONE CALL...DOES IT ALL."*

c.   *marks comprised of foreign wording **are translated into English** to determine similarity in meaning and connotation with English word marks. Equivalence in meaning and connotation may be sufficient to find such marks **confusingly similar**.*

d.   ***In this case, the ordinary American purchaser would likely stop and translate the mark because the Spanish language is a common, modern language spoken by an appreciable number of consumers in the United States.***

e.   *The English equivalent of the mark UNA LLAMADA SOLUCIONA TODO in the applied-for mark is "ONE CALL SOLVES EVERYTHING" as is evidenced by the attached evidence from Collins Dictionary and applicant's translation statement. This demonstrates that the wording UNA LLAMADA SOLUCIONA TODO in the applied-for mark **is confusingly similar** to the registered marks **ONE CALL, THAT'S ALL and ONE CALL...DOES IT ALL** since they convey the identical commercial impression of a single telephone call that will solve or do all to resolve customers legal issues.*

f.   *Because the marks create **the same commercial impression**, the marks **are considered similar for likelihood of confusion purposes.***

g.   *In this case, the following **services in the application and registration are identical**: legal services. Therefore, it is presumed that the **channels of trade and class(es) of purchasers are the same** for these services. Thus, **applicant's and registrant's services are related**.*

h.   *In this case, **the registrations use broad wording** to describe **"legal services"**, which presumably **encompasses all services of the type described**, including applicant's more narrow "attorney services; legal consultation services; legal services, namely, providing customized documentation, information, counseling, advice and consultation services in all areas of personal injury law; providing customized legal information, counseling, and advice, and litigation services in the field of personal injury law." Thus, applicant's [Defendant Here4You] and registrant's [Plaintiff's] services **are legally identical**.*

i.   *Because the marks are similar, and the services are related, there is a likelihood of confusion as to the source of applicant's services, and **registration is refused***

*pursuant to Section 2(d) of the Trademark Act.*

32.    In addition to refusing Defendant's **Here4You's** 98055237 Application, on or about March 19, 2024, the United States Patent and Trademark Office also issued a similar refusal in a formal written position on Defendant **Here4You's** unauthorized application to register the mark ONE CALL SOLVES ALL, U.S. Trademark Application Serial No. 98055266.   The United States government made the following findings on the Defendant's 98055266 Application:

a.    *"Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3541697, 4384011 . . . [Plaintiff's Registrations set forth in this action]."*

b.    *"Here, applicant's mark, ONE CALL SOLVES ALL, is confusingly similar to the registered marks, ONE CALL, THAT'S ALL and ONE CALL...DOES IT ALL [Plaintiff's Registered marks as set forth in this action]. The marks are confusingly similar because they share the phrase "ONE CALL" meaning one particular "act of speaking to or attempting to reach someone by telephone or by a similar online communication service" in connection with the term "ALL" meaning "constituting, being, or representing the total extent or the whole".*

c.    *"In this case, both the applied-for mark and the registered marks convey the same commercial impression of a single telephone call that will solve or do all to resolve customers legal issues. Because the marks look and sound similar and create the same commercial impression, the marks are considered similar for likelihood of confusion purposes."*

d.    *"In this case, the following services in the application and registration are <u>identical</u>."*

e.    *"Because the marks are similar, and the services are partially identical and **legally identical**, there is a likelihood of confusion as to the source of applicant's services, and **registration is <u>refused</u> pursuant to Section 2(d) of the Trademark Act.**"*

33.     Defendants' use of the Infringing Marks is all to the detriment of Plaintiff and to the unjust enrichment of Defendant.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114, 1117)

### United States Trademark Registration No. 3541697

34.     The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, as well as the harm to Plaintiff's rights of United States Trademark Registration No. 3541697, are the basis, for this Count.

35.     Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Marks, before and/or after having been given actual notice of Plaintiff's rights, constitute federal trademark infringement, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. § 1051 et seq., §§ 1114, 1117 and 1125.

36.     Upon information and belief, at all times material to the issues presented herein, Defendant **HERE4YOU, LLC** had actual, prior knowledge of Plaintiff, and Plaintiff's trademark rights and business success.

37.     Upon information and belief, Defendant **HERE4YOU, LLC**, has been actively engaged in the unauthorized, false, misleading, and deceptive display of the Infringing Marks in direct contravention of Plaintiff's rights.   Defendants' use of the Infringing Marks includes, without limitation, those acts set forth herein.

38.    Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

39.    The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

40.    By publishing, utilizing, displaying and distributing this advertising, Defendants have infringed the trademark rights of Plaintiff so as to create confusion, the likelihood of confusion, and/or to cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

41.    Defendant, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and has misled and will continue to mislead the public into assuming that Plaintiff's services are associated with Defendants' services.

42.    The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

43.    The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

44.    Defendants' misleading advertising has caused and is likely to continue

to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

45.     Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

46.     Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's valuable reputation.

47.     Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1114, 1117, 1125, and other laws.

48.     Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

49.     Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

50.    As a result, Plaintiff has suffered damages with interest.

51.    Plaintiff has no adequate complete remedy at law.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114, 1117)

### United States Trademark Registration No. 4384011

52.    The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, as well as the harm to Plaintiff's rights of United States Trademark Registration No. 4384011, are the basis, for this Count.

53.    Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Marks, before or after having been given actual notice of Plaintiff's rights, constitute federal trademark infringement, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. § 1051 et seq., §§ 1114, 1117 and 1125.

54.    Upon information and belief, at all times material to the issues presented herein, Defendant **HERE4YOU, LLC** had actual, prior knowledge of Plaintiff, and Plaintiff's trademark rights and business success.

55.    Upon information and belief, Defendant **HERE4YOU, LLC**, has been actively engaged in the unauthorized, false, misleading, and deceptive display of the Infringing Marks in direct contravention of Plaintiff's rights.   Defendants' use of the Infringing Marks includes, without limitation, those acts set forth herein.

56.    Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

57.    The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

58.    By publishing, utilizing, displaying and distributing this advertising, Defendants have infringed the trademark rights of Plaintiff so as to create confusion, the likelihood of confusion, and/or to cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

59.    Defendant, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and has misled and will continue to mislead the public into assuming that Plaintiff's services are associated with Defendants' services.

60.    The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

61.    The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

62.    Defendants' misleading advertising has caused and is likely to continue

to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

63.    Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

64.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.    Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's valuable reputation.

65.    Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1114, 1117, 1125, and other laws.

66.    Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.    At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

67.    Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

68.   As a result, Plaintiff has suffered damages with interest.

69.   Plaintiff has no adequate complete remedy at law.

## COUNT III

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. §1125(a))

70.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

71.   Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Marks, as well as Defendants' refusal to cease use of the Infringing Marks before and/or after having been given actual notice of Plaintiff's rights, constitute unfair competition which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.§1125(a), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

72.   Upon information and belief, at all times material to the issues presented herein, Defendant **HERE4YOU, LLC** had actual, prior knowledge of Plaintiff and Plaintiff's rights, and its business success, as is described in greater detail hereinafter.

73.   Upon information and belief, Defendant **HERE4YOU, LLC** has been actively engaged in the unauthorized, false, misleading, and deceptive display of the Infringing Marks in direct contravention of Plaintiff's rights.   Defendants' use of the Infringing Marks includes, without limitation, those acts set forth herein.

74.   Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

75.    The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

76.    By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

77.    Defendant, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and has misled and will continue to mislead the public into assuming that Plaintiff's services are associated with Defendants' services.

78.    The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

79.    The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

80.    Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated

with Plaintiff and its services.

81.    Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

82.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's valuable reputation.

83.    Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1114, 1117, 1125, and other laws.

84.    Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

85.    Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

86.    As a result, Plaintiff has suffered damages with interest.

87.     Plaintiff has no adequate complete remedy at law.

## COUNT IV

## FEDERAL FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. §1125(a)(1)(a))

### U.S. Trademark Registration No. 3541697

88.     The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, as well as the harm to Plaintiff's rights of United States Trademark Registration No. 3541697, are the basis, for this Count.

89.     Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Marks before and/or after having been given actual notice of Plaintiff's rights, constitute federal false designation of origin and/or false description, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. §1125(a)(1)(a).

90.     Upon information and belief, at all times material to the issues presented herein, Defendant **HERE4YOU, LLC** had actual, prior knowledge of Plaintiff, and Plaintiff's rights and business success.

91.     Upon information and belief, Defendant **HERE4YOU, LLC**, has been actively engaged in the unauthorized, false, misleading, confusing, and deceptive display of the Infringing Marks in direct contravention of Plaintiff's rights. Defendants' use of the Infringing Marks includes, without limitation, those acts set

forth herein.

92.     Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

93.     The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

94.     By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

95.     Defendant, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and has misled and will continue to mislead the public into assuming that Plaintiff's services are associated with Defendants' services.

96.     The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

97.     The unauthorized use of the false, misleading, and deceiving advertising

causes irreparable injury to Plaintiff, including injury to its business reputation.

98.    Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

99.    Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

100.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.    Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's valuable reputation.

101.    Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1114, 1117, 1125, and other laws.

102.    Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendant' acts as alleged herein.    At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

103. Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

104. As a result, Plaintiff has suffered damages with interest.

105. Plaintiff has no adequate complete remedy at law.

## COUNT V

## FEDERAL FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. §1125(a)(1)(a))

### United States Trademark Registration No. 4384011

106. The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, as well as the harm to Plaintiff's rights of United States Trademark Registration No. 4384011, are the basis, for this Count.

107. Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Marks before and/or after having been given actual notice of Plaintiff's rights, constitute federal false designation of origin and/or false description, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. §1125(a)(1)(a).

108. Upon information and belief, at all times material to the issues presented herein, Defendant **HERE4YOU, LLC** had actual, prior knowledge of Plaintiff, and Plaintiff's rights and business success.

109. Upon information and belief, Defendant **HERE4YOU, LLC**, has been actively engaged in the unauthorized, false, misleading, confusing, and deceptive

display of the Infringing Marks in direct contravention of Plaintiff's rights. Defendants' use of the Infringing Marks includes, without limitation, those acts set forth herein.

110.    Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

111.    The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

112.    By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

113.    Defendant, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and has misled and will continue to mislead the public into assuming that Plaintiff's services are associated with Defendants' services.

114.    The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in

commerce.

115.    The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

116.    Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

117.    Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

118.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's valuable reputation.

119.    Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1114, 1117, 1125, and other laws.

120.    Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of

Defendant' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

121.   Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

122.   As a result, Plaintiff has suffered damages with interest.

123.   Plaintiff has no adequate complete remedy at law.

## COUNT VI

### FEDERAL FALSE ADVERTISING
### (15 U.S.C. §1125(a)(1)(b))

United States Trademark Registration No. 3541697

124.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, as well as the harm to Plaintiff's rights of United States Trademark Registration No. 3451697, are the basis, for this Count.

125.   Defendants' acts, as alleged herein, including the advertising, publishing, utilizing, displaying and distributing of the Infringing Marks, before and/or after having been given actual notice of Plaintiff's rights, constitute federal false advertising, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. §1125(a)(1)(b).

126.   Upon information and belief, at all times material to the issues presented herein, Defendant **HERE4YOU, LLC** had actual, prior knowledge of Plaintiff, and Plaintiff's rights and business success.

Page 33

127.    Upon information and belief, Defendant **HERE4YOU, LLC**, has been actively engaged in the unauthorized, false, misleading, and deceptive display of the Infringing Marks in direct contravention of Plaintiff's rights.   Defendants' use of the Infringing Marks includes, without limitation, those acts set forth herein.

128.    Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

129.    The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

130.    By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

131.    Defendant, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and has misled and will continue to mislead the public into assuming that Plaintiff's services are associated with Defendants' services.

132.    The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval

of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

133.    The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

134.    Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

135.    Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

136.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's valuable reputation.

137.    Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1114, 1117, 1125, and other laws.

138.    Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will

sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

139.   Defendants' acts as alleged herein, in violation of 15 U.S.C. §1125(a)(1)(b), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

140.   As a result, Plaintiff has suffered damages with interest.

141.   Plaintiff has no adequate complete remedy at law.

## COUNT VII

### FEDERAL FALSE ADVERTISING (15 U.S.C. §1125(a)(1)(b))

### United States Trademark Registration No. 4384011

142.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, as well as the harm to Plaintiff's rights of United States Trademark Registration No. 4384011, are the basis, for this Count.

143.   Defendants' acts, as alleged herein, including the advertising, publishing, utilizing, displaying and distributing of the Infringing Marks, before and/or after having been given actual notice of Plaintiff's rights, constitute federal false advertising, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. §1125(a)(1)(b).

144.   Upon information and belief, at all times material to the issues presented herein, Defendant **HERE4YOU, LLC** had actual, prior knowledge of Plaintiff, and

Plaintiff's rights and business success.

145.    Upon information and belief, Defendant **HERE4YOU, LLC**, has been actively engaged in the unauthorized, false, misleading, and deceptive display of the Infringing Marks in direct contravention of Plaintiff's rights.   Defendants' use of the Infringing Marks includes, without limitation, those acts set forth herein.

146.    Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

147.    The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

148.    By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's services.

149.    Defendant, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and has misled and will continue to mislead the public into assuming that Plaintiff's services are associated with Defendants' services.

150.    The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or

representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's services, and constitutes utilizing false descriptions or representations in commerce.

151.    The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

152.    Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

153.    Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

154.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's valuable reputation.

155.    Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1114, 1117, 1125, and other laws.

156.    Plaintiff is further entitled to recover from Defendants the damages,

including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

157.   Defendants' acts as alleged herein, in violation of 15 U.S.C. §1125(a)(1)(b), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

158.   As a result, Plaintiff has suffered damages with interest.

159.   Plaintiff has no adequate complete remedy at law.

## COUNT VIII

## UNJUST ENRICHMENT

160.   The facts and allegations set forth in this Complaint, including Plaintiff's rights as detailed herein, are the basis for this Count.

161.   If Defendants are allowed to retain the benefits it has gained through the use of its Infringing Marks and/or the other acts set forth herein, without compensation to Plaintiff, Defendants will be unjustly enriched.

162.   Defendants' acts, as alleged herein, have caused irreparable injury and damages to Plaintiff and unless restrained, will continue to do so.

163.   As a result, Plaintiff has suffered irreparable harm and damages.

164.   Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants including:

a.  a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

  i.  from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Marks, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation;

  ii.  from directly or indirectly using the false and misleading advertisements and/or promotional material which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

  iii.  from utilizing the false and misleading advertisements in any shape or manner;

  iv.  from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear unauthorized, false and misleading photographs and/or statements, and from otherwise unfairly competing in any way with Plaintiff;

  v.  to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the unauthorized false and misleading material, including but not limited to, false and misleading photographs and/or statements;

  vi.  to notify their direct customers, agents, and representatives that the herein-described advertisements do not accurately depict Plaintiff's services;

  vii.  to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of

any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with the following:

b.          an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.          all monetary damages suffered by Plaintiff;

d.          an award of attorneys' fees and costs pursuant to 15 U.S.C. §1117; and

a.          such other and further interlocutory, equitable, monetary, and permanent relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this _29th_ day of April 2025.

_Tammy D. Wilbon_

TRIAL COUNSEL FOR PLAINTIFF

**LERNER & ROWE, P.C.**

By: _/s/ Tammy Wilbon_
        Tammy Wilbon, Esq.
        Bar No. 24060828
        2701  E.  Camelback  Rd.,
        Ste.140
        Phoenix, Arizona 85016
        602-610-3858 (phone & fax)
        twilbon@lernerandrowe.com

## **VERIFICATION**

I DECLARE, under penalty of perjury, that I am duly authorized in the premises, have read the foregoing Complaint and the same is true and correct.

Executed this ⟨29th⟩ day of ⟨April⟩.

By: _____
A Duly Authorized Representative